UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LEE GORDON LAMB,

        Plaintiff,                2:14-cv-0910-MC

        v.                          ORDER

ELLEN F. ROSENBLUM, et al.,

        Defendants.

McSHANE, District Judge.

    Plaintiff filed this action under 42 U.S.C. § 1983, alleging that defendants violated his due process rights in the course of defending a previously dismissed case, *Lamb v. Franke, et al.*, 2:12-cv-00367-MO. Plaintiff seeks damages, un-specified "permanent injunctions," that defendants employment be "terminated," and, reinstatement of his previously dismissed lawsuit. Defendants now move to dismiss (#12). Plaintiff has not filed a response to defendants' motion.

    Plaintiff alleges in Claim One that "1st and 14th Amendment Due Process" was violated by defendant Vincent when

1 - ORDER

she allegedly filed a "declaration containing false statements in 2:12-cv-00367-MO."

To establish a claim for deprivation of due process under the Fourteenth Amendment, plaintiff must demonstrate (1) a liberty or property interest protected by the Constitution, (2) a deprivation of that interest by the government, and (3) a lack of opportunity for process. Board of Regents v. Roth, 408 U.S. 564, 569-71 (1972). Thus, the first step in any due process analysis is determining whether a protected liberty or property interest has been implicated by the defendant's conduct.

Plaintiff has failed to identify a protected liberty or property interest in being free from opposing counsel filing a declaration - even an allegedly perjurious one.

Assuming *arguendo* that plaintiff could establish that defendant Vincent's filing of an allegedly false affidavit implicated a liberty interest cognizable under the Fourteenth Amendment, plaintiff has failed to demonstrate that he was denied any specific procedural due process right in his former litigation and therefore fails to state a Fourteenth Amendment due process claim. Nor has Plaintiff alleged any facts that would implicate the First Amendment.

In addition, defendant Vincent is absolutely immune from liability in damages for her conduct in discharging her

2 - ORDER

official litigation-related duties. *See*, <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1018 (9th Cir. 2001); <u>Read v. Haley</u>, 3:12-cv-02021-MO, 2013 WL 1562938, at *9 (D. Or. Apr. 10, 2013). Although prosecutorial immunity would not necessarily preclude prospective injunctive relief, plaintiff has not identified the nature of the "permanent injunctions" he seeks or explained how a judgment against defendant Vincent would entitle him to the other relief he seeks.

In Claim Two, plaintiff alleges that Vickie Reynolds violated the First and Fourth Amendments by preparing a false declaration in his previous case. As discussed above, plaintiff has failed to identify a liberty or property interest that gives rise to due process rights under the circumstances of this case. Nor has plaintiff explained how an allegedly false statement in an affidavit implicates the First Amendment.

Plaintiff also appears to allege in Claim Two that the prison grievance process is deficient or inadequate. However those allegations are inscrutable and fail to state a claim. Moreover, they appear to concern the merits of plaintiff's previous case, and are therefore not appropriate for consideration by this court.

Plaintiff alleges in Claim Three that Oregon Attorney General Ellen Rosenblum knowingly and intentionally turned the

3 - ORDER

case over to defendant Vincent and intentionally and recklessly allowed her to file a perjurious declarations. Plaintiff alleges that defendant Rosenblum "thereby established herself as a defendant under *respondeat superior* liability." Complaint (#2) p. 5.

To establish a § 1983 claim against an individual defendant, a plaintiff must establish personal participation by the defendant in the alleged constitutional deprivation. Ashcroft v. Iqbab, 129 S.Ct. 1937 (2009).

It is well settled that respondeat superior is not a proper basis for liability under 42 U.S.C. § 1983. Monell v. Dept. of Social Services, 436 U.S. 658, 691-94 (1978); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). A supervisor may be liable based on his or her personal involvement in the alleged deprivation, or if there is a sufficient causal connection between the supervisor's alleged wrongful conduct and the alleged deprivation, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984); see also, Jane Doe A v. Special School

4 - ORDER

District, 901 F.2d 642, 645 (8th Cir. 1990)("The individual defendants are subject to personal liability only if it can be proved that they: 1) received notice of a pattern of unconstitutional acts committed by subordinates; (2) demonstrated deliberate indifference to or tacit authorization of the offensive acts; 3) failed to take sufficient remedial action; and 4) that such failure proximately caused injury.").

Plaintiff has not alleged any facts that would subject to defendant Rosenblum to *respondeat superior* liability. Therefore, she is entitled to be dismissed as a defendant.

Plaintiff also names Steve Franke as a defendant - apparently because he was a defendant in the previous case.

In order to state a claim against a named defendant, plaintiff must allege specific facts about that defendant and identify how that defendant's conduct violated his rights. *See*, Stevenson v. Koskey, 877 F.2d 1435, 1439 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740 (9th 1978). The absence of any factual allegations against a named defendant will entitle that defendant to have the complaint dismissed as to him, pursuant to Fed. R. Civ. P. 12(b). Polk v. Montgomery County, 548 F. Supp. 613, 614 (D. Md. 1982).

Plaintiff has not made any specific factual allegation concerning defendant Franke. Therefore, defendant Franke is entitled to be dismissed as a defendant.

5 - ORDER

Defendant's Motion to Dismiss (#12) is allowed. Plaintiff's Motions (#20), (#22), and (#23) are denied as moot. The Clerk of the court is directed to enter a judgment dismissing this action with prejudice.

*Any appeal from this order or a judgment dismissing this case would be frivolous and not taken in good faith. Therefore, plaintiff's in forma pauperis status is hereby revoked.*

DATED this 5 day of February, 2015.

_____
Michael McShane
United States District Judge

6 - ORDER